319

(No. 4455-)

Frank M. Rice, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed September 12, 1952.*

A. M. Fitzgerald and Walter T. Day, Attorneys for Claimant.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Lansden, J.

Claimant, Frank M. Rice, seeks to recover of respondent under the Workmen's Compensation Act for injuries to his right knee in an accident that arose out of and in the course of his employment as a hydrotherapist at the Chicago State Hospital, operated by the Department of Public Welfare.

On June 24, 1950, claimant was administering hydrotherapic treatments to excited and violent mental patients in the hydrotherapic ward of said institution, when one patient, who was awaiting treatment, attacked him, and as a result thereof claimant sustained a fracture of the tibial spine of his right knee.

Claimant was hospitalized for a short time at the hospital for employees of the institution.

Dr. Harold A. Sofield, Oak Park, Illinois, treated claimant until the latter part of December, 1950, at which time he discharged him from further treatment, because claimant's knee had reached its maximum recovery without further surgery. Respondent has never offered, nor has claimant requested an operation, be-

cause it is doubtful whether an operation would really improve the condition of claimant's right knee.

No jurisdictional questions are involved, and the record discloses that claimant has a limitation of 10% in extension and 15% in flexion in his right knee, coupled with a slight roughening in the joint space. The knee is somewhat weak and unstable, and does cause claimant some pain.

We, therefore, conclude that claimant is entitled to an award under Section 8 (a) (15) (17) of the Workmen's Compensation Act for a 15% loss of use of his right leg.

On February 2, 1952, an award was made to claimant, but on March 11, 1952, we granted claimant's petition for rehearing and motion for new trial, and remanded the case to Commissioner Wise to hear further testimony relating to the duration of claimant's temporary total disability. Such evidence is now in the record, and shows without dispute that claimant was so disabled from June 24, 1950 through May 11, 1951, and that claimant returned to work on May 12, 1951. Claimant also agrees that we are correct in the 15% loss of use of his right leg.

During the period of temporary total disability, claimant was paid $1,031.39 as compensation, or an underpayment of only $0.40, for the 45-6/7 weeks of such disability.

On the date of his accident, claimant, 50 years of age, was married and had one child, four years of age, dependent upon him for support. His earnings in the year prior to his accident amounted to $2,928.60, and his rate of compensation is, therefore, $22.50 per week.

Hugo Antonacci, Springfield, Illinois, was employed to take and transcribe the testimony at the

hearing before Commissioner Wise. He has rendered a statement in the amount of $52.40 for his services, and we find said amount to be reasonable and customary. An award is, therefore, entered in favor of Hugo Antonacci for $52.40.

An award is entered in favor of claimant, Frank M. Rice, under Section 8 (a) (15) (17) of the Workmen's Compensation Act, for a 15% loss of use of his right leg, being 28½ weeks at $22.50, or the sum of $641.25, plus the sum of $0.40, underpayment for temporary total disability, making a net award of $641.65, all of which has accrued, and is payable forthwith.

An award is also entered in favor of claimant for the use of Dr. Harold A. Sofield in the sum of $30.00.

These awards are subject to the approval of the Governor. Ill. Rev. Stat., 1951, Chap. 127, Sec. 180.